Daniel, J.
 

 The English authorities certainly sustain the Judge in his opinion. They are collected in Williams on Executors 627, and shew, that if there are several executors appointed by the will, they must all join in bringing actions even though some are infants, or have not proved the will, or have refused before the ordinary. And if one sue alone, the defendant, after oyer of the probate, may plead in abatement, that the other executor mentioned therein is alive and not named. 1 Saund. 291. (note,1.) If one executor proves the will, the proof enures to the co-executors. 10 Cond. Eng. Ch. Rep. 176. 1 Myl. & Craig, 97. But, so far as we have been enabled to learn, the law and practice of this, gtate invariably have been, for those executors only w.h'o"quamy to sue. The practice may have originated in consequence of the act of 1715, (Rev. Stat. ch. s. 4,) which Enactsthat no person do presume to enter upon the administration of any deceased person’s estate, until they have obtained !a Commission of administration or letters testamentary,-signed by the Governor, under the penalty of fifty pounds.” But as long ago as 1797, this question seems to have been judicially settled in this State, in the case of
 
 *449
 

 Burrow
 
 v
 
 Sellar’s
 
 Executors, 1 Hay. 501, 502. The fendant then pleaded in abatement, that there were other ex. editors not named in the writ. “Pjfr Curiam. The plea is bad — it should have been stated that those others qualified as executors and took upon themselves the burthen of executing the will.” We therefore are of opinion that the judgment must be reversed, the demurrer sustained, and a res-
 
 pondeas ouster
 
 awarded.
 

 Per Curiam- Judgment accordingly.